ROBERTS *v.* THE STATE.

Neither the act of October 2, 1879, fixing "the amount of license for selling or vending spirituous, intoxicating, or malt liquors," in Coffee and other counties therein named (Acts 1878-9, p. 388), nor the amendment thereto of August 18, 1881, applicable to that county (Acts 1880-1, p. 594), nor the amendment of September 4, 1883, applicable to the county of Coffee (Acts 1882-3, p. 567), is unconstitutional as being special legislation in a case provided for by the general domestic-wine act of February 27, 1877 (Acts 1877, p. 33), under which domestic wines can be sold without license, in quantities not less than one quart, by the manufacturers thereof; as the several local acts above

referred to apply only to such spirituous, intoxicating, or malt liquors as can not be lawfully sold without license.

Argued January 20, —Decided February 4, 1902.

Indictment for selling liquor. Before Judge Candler. Coffee superior court. October 18, 1901.

*Quincey & McDonald,* for plaintiff in error. *John W. Bennett, solicitor-general, Leon A. Wilson,* and *Toomer & Reynolds,* contra.

FISH, J. The writ of error in this case is from the superior court of Coffee county, wherein plaintiff in error was convicted of the offense of selling spirituous and intoxicating liquors without license. He was tried upon an agreed statement of facts, set out in the record, from which it appears that, on January 29, 1901, L. S. Guthrie paid to the municipal authorities of the City of Douglas, in Coffee county, the sum of one thousand dollars, in consideration of which such authorities issued to him a license to retail spirituous, malt, and intoxicating liquors in that city; that on the same day he paid to the tax-collector of Coffee county two hundred dollars for a State license to sell such liquors in that county, for the fiscal year of 1901, and, on the same day, took the oath, filed a bond, and registered, in terms of the law, as a retail dealer in spirituous and malt liquors; that since January 29, 1901, and prior to the finding of the indictment against the plaintiff in error, he, while in the employment of Guthrie, as clerk, sold for Guthrie spirituous and intoxicating liquors in the city of Douglas; that neither Guthrie nor the plaintiff in error had ever paid to the county of Coffee the license fee of ten thousand dollars, fixed for the sale of liquor by the local high-license laws of that county. The only point made in the brief of counsel for plaintiff in error is that the high-license local law for Coffee county is unconstitutional, upon the ground that it is special legislation in a case for which provision had been made by the existing general domestic-wine act of 1877, and that as the local law, for this reason, was void, the municipal authorities of Douglas, who are empowered by the charter of the city to issue licenses for the sale of liquor therein, had authority to issue the license under which Guthrie was selling liquor, and that as the plaintiff in error sold liquor under such city license, as Guthrie's clerk, he was not guilty of the offense charged.

We do not think the point well taken. It is a uniform rule, in

the construction of statutes, that the judiciary will not declare an act of the legislature to be unconstitutional, unless the conflict between the statute and the constitution be manifest and unmistakable. It is not at all manifest and unmistakable that the local acts fixing a high license for the sale of spirituous and intoxicating liquors in Coffee county are special legislation in a case for which provision had been made in the existing general domestic-wine act of 1877. This general act (Acts 1877, p. 33) made it lawful for the manufacturers of domestic wines, made in this State, to sell them, in quantities not less than one quart, anywhere in the State without license ; and when the subsequent local laws of Coffee county, fixing a high license for the sale of spirituous, malt or intoxicating liquors in that county were enacted (Acts 1878–9, p. 388; Acts 1880–1, p. 594; Acts 1882–3, p. 567), it must have been the intention of the legislature that, under such local laws, the license fee therein provided for should be paid for a license to sell such spirituous, intoxicating, and malt liquors as could not be lawfully sold without a license. As under the general law no license could be required for the manufacturers of domestic wines, made in this State, to sell the same, in quantities not less than one quart, anywhere in the State, the high-license local laws of Coffee county had no reference whatever to such sales of domestic wine. It is apparent from what we have said that the facts of this case do not bring it within the scope of the decision in *Papworth* v. *State,* 103 *Ga.* 36, and other subsequent cases on the same line, wherein it was held, by a majority of this court, that the domestic-wine act of 1877 is a general law, and domestic wines being intoxicating liquors, a subsequent act which, by its terms, undertakes to prohibit the sale and furnishing of all spirituous, malt, and intoxicating liquors, within the limits of a designated county, is unconstitutional.

*Judgment affirmed. All the Justices concurring.*